IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

RYAN LEE LYONS, and wife
CRYSTAL LYNETTE LYONS,           §
                                 §
                   Plaintiff,    §
                                 §  Civil Action No. 3:17-CV-3380-D
VS.                              §
                                 §
SELECT PORTFOLIO SERVICING,      §
INC., and DEUTSCHE BANK          §
NATIONAL TRUST                   §
COMPANY, AS TRUSTEE              §
IN TRUST FOR REGISTERED          §
HOLDERS OF LONG BEACH            §
MORTGAGE LOAN TRUST             §
2006-WL1, ASSET-BACKED           §
CERTIFICATES, SERIES 2006-WL1,   §
                                 §
                  Defendants.    §

MEMORANDUM OPINION
AND ORDER

In this action seeking relief in connection with the foreclosure of residential property,

defendants Select Portfolio Servicing, Inc. ("SPS") and Deutsche Bank National Trust

Company, as Trustee in trust for registered holders of Long Beach Mortgage Loan Trust

2006-WL1, Asset-Backed Certificates, Series 2006-WL1 ("Deutsche Bank"), move for

judgment on the pleadings on all claims. For the reasons that follow, the court grants

defendants' motion and dismisses this action with prejudice.

I

In 2005 plaintiffs Ryan Lee Lyons and Crystal Lynette Lyons (the "Lyonses")

obtained a home equity loan ("Loan") in the amount of $194,846.00 on property located in

Cedar Hill, Texas (the "Property").[1]  They signed a promissory note ("Note") and secured

the indebtedness by executing a deed of trust that encumbered the Property for the benefit

of the Long Beach Mortgage Company.  The deed of trust provided an acceleration remedy

if the borrowers breached any covenant or agreement.  *See* Deed of Trust ¶ 21.  It also

specified that the borrowers had the right to reinstate the Loan after acceleration:

> If Borrower meets certain conditions, *Borrower shall have the right* to have enforcement of this Security Instrument discontinued at any time prior to the earlier of: (a) 5 days (or such other period as applicable law may specify for reinstatement) before sale of the Property pursuant to any power of sale contained in this Security Instrument; or (b) entry of a judgment enforcing this Security Instrument.  Those conditions are that Borrower: (a) pays Lender all sums which then would be due under this Security Instrument and the Note as if no acceleration had occurred; (b) cures any default of any other covenants or agreements; (c) pays all expenses incurred in enforcing this Security Instrument . . . and (d) takes such action as Lender may reasonably require to assure that the lien of this Security Instrument, Lender's rights in the Property and Borrower's obligation to pay the sums secured by this Security Instrument shall continue unchanged.  Upon reinstatement by Borrower, this Security Instrument and the obligations secured hereby *shall remain fully effective as if no acceleration had occurred*.

*Id.* ¶ 18 (emphasis added).  The Loan was later sold or assigned to Deutsche Bank.

The Lyonses filed for chapter 13 bankruptcy in 2013.  They allege that, during the

---

[1] "When deciding a Rule 12(c) motion, the court accepts as true all well-pleaded facts in the complaint and views them in the light most favorable to the plaintiff."  *Hoffman v. L & M Arts*, 2011 WL 3567419, at *9 (N.D. Tex. Aug. 15, 2011) (Fitzwater, C.J.) (citing *Gentilello v. Rege*, 627 F.3d 540, 543-44 (5th Cir. 2010); *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)).

bankruptcy process, SPS expressed an intent to allow the Lyonses to modify or resolve the Loan. The Lyonses maintain that SPS informed them that, once the bankruptcy case was dismissed, SPS would enter into an agreement under which the Lyonses could bring the Loan current through workout assistance. On November 10, 2015 SPS sent the Lyonses a notice of acceleration and trustee's sale scheduled for December 1, 2015. The notice stated:

> Because of default in payment of the monthly mortgage payments due under the Note, the Mortgagee HAS ELECTED TO ACCELERATE THE MATURITY OF THE DEBT and declares all sums due under the Note immediately due and payable without further demand, and is proceeding to foreclose and sell the property under the terms of the Deed of Trust at public auction.

Pet. Ex. B at 1. SPS sent the Lyonses a November 12, 2015 mortgage statement specifying that $180,234.48 was the total outstanding principal due on the loan. The notice included this statement: "THIS IS NOT AN ATTEMPT TO COLLECT A DEBT. THIS STATEMENT IS BEING SENT FOR INFORMATIONAL PURPOSES ONLY." Pet. Ex. C at 1. SPS then sent the Lyonses a notice dated November 19, 2015 stating that they could cure their delinquency by paying a reinstatement amount of $67,581.72. The notice stated, in pertinent part: "This notice and any enclosed documents are for compliance and informational purposes only and do not constitute a demand for payment or an attempt to collect such obligation." Pet. Ex. D at 1.

On November 25, 2015 the Lyonses moved to dismiss their bankruptcy case, and the bankruptcy judge granted the motion. Nevertheless, the Property was sold on December 1, 2015 at a substitute trustee's sale to Deutsche Bank. Deutsche Bank then attempted to evict

the Lyonses, and the Supreme Court of Texas affirmed the eviction judgment.

The Lyonses then brought the instant action in county court, alleging claims for breach of contract, money had and received, unjust enrichment, and wrongful foreclosure. They seek a judgment setting aside the foreclosure sale and enjoining defendants from evicting them or selling the Property. The Lyonses also request an accounting on the distribution and application of all foreclosure proceeds. Their claims rest on the theory that defendants abandoned acceleration and thus were not entitled to foreclose or to retain full proceeds from the foreclosure sale. After defendants removed the case to this court, they filed the instant motion under Fed. R. Civ. P. 12(c) for judgment on the pleadings. The Lyonses oppose the motion.

## II

Rule 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." The standard for deciding a motion under Rule 12(c) is the same as the one for deciding a motion to dismiss under Rule 12(b)(6). *See, e.g., Hoffman v. L & M Arts*, 2011 WL 3567419, at *4 (N.D. Tex. Aug. 15, 2011) (Fitzwater, C.J.) (citing *Gentilello v. Rege*, 627 F.3d 540, 543-44 (5th Cir. 2010)).

Under Rule 12(b)(6), the court evaluates the pleadings by "accept[ing] 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff[s].'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). To survive defendants' motion, the Lyonses' pleadings must allege enough facts "to state a claim to

relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff[s] plead[] factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin

to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant

has acted unlawfully." *Id.*; *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be

enough to raise a right to relief above the speculative level [.]"). "[W]here the well-pleaded

facts do not permit the court to infer more than the mere possibility of misconduct, the

complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'" *Iqbal*,

556 U.S. at 679 (alteration omitted) (quoting Rule 8(a)(2)). Furthermore, under Rule 8(a)(2),

a pleading must contain "a short and plain statement of the claim showing that the pleader

is entitled to relief." Although "the pleading standard Rule 8 announces does not require

'detailed factual allegations,'" it demands more than "labels and conclusions." *Iqbal*, 556

U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). And "a formulaic recitation of the elements

of a cause of action will not do." *Id.* (quoting *Twombly*, 550 U.S. at 555).

### III

The court first addresses the Lyonses' breach of contract claim.

### A

"A diversity court applies the choice-of-law rules of the state in which it sits."

*InterFirst Bank Clifton v. Fernandez*, 853 F.2d 292, 294 (5th Cir. 1988) (citing *Stuart v.*

*Spademan*, 772 F.2d 1185, 1195 (5th Cir. 1985)). Because this court sits in Texas, it applies

Texas choice-of-law rules. In this case, it is undisputed that Texas law applies to the Lyonses' breach of contract claim.

In Texas, a breach of contract claim requires proof of four elements: "(1) the existence of a valid contract, (2) plaintiff's performance of duties under the contract, (3) defendants' breach of contract, and (4) damages to the plaintiff resulting from the breach." *Hoffman*, 2011 WL 3567419, at *4 n.2 (citing *Lewis v. Bank of Am. NA*, 343 F.3d 540, 544-45 (5th Cir. 2003)).

In their petition, the Lyonses allege that defendants breached the deed of trust by failing to tender surplus proceeds to them after the foreclosure sale.[2] They posit that because defendants abandoned acceleration, they were not entitled to retain the full proceeds from the foreclosure sale.[3] Defendants maintain that the Lyonses cannot show that they breached the deed of trust because defendants did not abandon acceleration of the Loan. Defendants thus contend that there are no surplus proceeds from the sale because they were entitled to recoup the full accelerated amount from the foreclosure proceeds. The central question the court must address in analyzing the breach of contract claim is whether the Lyonses have plausibly pleaded that defendants abandoned acceleration.

---

[2]The deed of trust provides that the proceeds of the sale should be applied in this order: "(a) to all expenses of the sale . . . (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it." Deed of Trust ¶ 21.

[3]The Lyonses maintain that they are entitled to $149,593.28, which is the difference between the Property sale price of $217,175.00 and the amount of the Loan that matured as of December 1, 2015.

B

"[W]hether a holder has accelerated a note is a fact question[.]" *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 568 (Tex. 2001). Abandoning acceleration before the limitations period expires[4] restores the contract to its original condition, including the note's original maturity date. *Id.* at 567; *Khan v. GBAK Props., Inc.*, 371 S.W.3d 347, 353 (Tex. App. 2012, no pet.); *Clawson v. GMAC Mortg., LLC*, 2013 WL 1948128, at *3 (S.D. Tex. May 9, 2013). Texas courts and courts in this circuit have held that "the parties can abandon acceleration and restore the contract to its original terms by the parties' agreement or actions." *Khan*, 371 S.W.3d at 356 (citing *San Antonio Real-Estate, Bldg. & Loan Ass'n v. Stewart*, 94 Tex. 441, 61 S.W. 386, 388 (Tex. 1901)); *see also, e.g.*, *In re Rosas*, 2014 WL 1779437, at *10 (Bankr. W.D. Tex. May 5, 2014); *Clawson*, 2013 WL 1948128, at *3; *Santibanez v. Saxon Mortg. Inc.*, 2012 WL 3639814, at *2 (Tex. App. Aug. 23, 2012, no pet.) (mem. op.). Continuing to accept payments on a note while opting not to pursue other remedies is one action that indicates abandonment of acceleration, but a noteholder may also abandon acceleration by other actions, including providing account statements seeking less

---

[4]Tex. Civ. Prac. & Rem. Code Ann. § 16.035 provides that "[a] person must bring suit for the recovery of real property under a real property lien or the foreclosure of a real property lien not later than four years after the day the cause of action accrues." When this four-year period expires, "the real property lien and a power of sale to enforce the real property lien become void." § 16.035(d); *Khan v. GBAK Props., Inc.*, 371 S.W.3d 347, 353 (Tex. App. 2012, no pet.) (quoting *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 567 (Tex. 2001)). If the noteholder has the option to accelerate, then the date of accrual is the date that the holder exercises the option. *Khan*, 371 S.W.3d at 353 (citing *Holy Cross*, 44 S.W.3d at 566).

than the full accelerated amount and mailing new notice-of-intent-to-accelerate letters. *See Boren v. U.S. Nat'l Bank Ass'n*, 2014 WL 6892553, at *3 (S.D. Tex. Sept. 8, 2014) (citing *Leonard v. Ocwen Loan Servicing, LLC*, 2014 WL 4161769, at *5 (S.D. Tex. Aug.19, 2014) (holding that account statements put debtor on notice that lender had abandoned previous acceleration)), *rec. adopted in relevant part*, 2014 WL 5486100 (S.D. Tex. Oct. 29, 2014). Joint action of the parties is not required to abandon acceleration. Rather, a party may abandon acceleration unilaterally. *See Clawson*, 2013 WL 1948128, at *4 (citing cases for proposition that lender may abandon acceleration "without express agreement from the borrower").

## C

The Lyonses maintain that the November 12, 2015 mortgage statement abandoned acceleration by informing them that the total outstanding principal due on the Loan was $180,234.48, an amount less than the full accelerated sum. The Lyonses also contend the November 19, 2015 reinstatement quote, in permitting the Lyonses to cure their default by paying an amount less than the full accelerated amount, abandoned the November 10, 2015 acceleration. Defendants maintain that the mortgage statement and the reinstatement quote are both advisory notices that are insufficient to indicate SPS's intent to abandon acceleration. They posit that they are therefore entitled to the full amount of the proceeds from the foreclosure sale.

The court agrees with defendants that the monthly mortgage statement and the reinstatement quote are insufficient as a matter of law to establish that SPS abandoned the

acceleration and therefore that the Lyonses have plausibly pleaded a breach of contract claim. The court recognizes that account statements listing less than the full accelerated amount as due can suffice to abandon acceleration. *See Leonard*, 2014 WL 4161769 ("[t]he account statements from [defendant] stated expressly on three occasions that sums far less than the full debt were due, and thus put Plaintiffs on notice that [defendants] were no longer seeking to collect the full balance of the Note."). In this case, however, although the outstanding principal amount listed on the monthly mortgage statement ($180,234.48) is less than the principal amount of the loan ($194,846.00), the outstanding principal balance is merely one component of a total ending balance of $228,690.15 on November 12, 2015. Moreover, even assuming *arguendo* that this amount is less than the full accelerated amount, the indebtedness of the Lyonses, as reflected by the monthly mortgage statement, is greater than the proceeds from the sale ($217,175.00). The Lyonses have thus failed to plausibly plead, by relying on the monthly mortgage statement, that they are entitled to surplus proceeds from the foreclosure sale based on abandonment.

Nor is the court persuaded that the reinstatement quote is sufficient to establish abandonment of acceleration and, in turn, to plead a plausible breach of contract claim. The Lyonses have failed to allege sufficient facts showing that the reinstatement quote represented unequivocal intent by defendants to abandon the loan. *See Riley v. CitiMortgage, Inc.*, 2018 WL 1899292, at *3 (N.D. Tex. Apr. 20, 2018) (Ramirez, J.) (holding there was no abandonment where reinstatement request was "subject to certain conditions," including that "if Plaintiff failed to pay the reinstatement amount, the mortgage

would remain an accelerated loan, and it could continue with foreclosure proceedings.").  In this case, the deed of trust makes clear that it is incumbent upon the borrower to invoke the right to reinstatement: once the borrower fulfills certain conditions, the loan is then returned to its pre-acceleration state.  Because reinstatement is a right held by the buyer, defendants cannot unilaterally abandon acceleration through reinstatement.  And the reinstatement quote specifies that is intended "for compliance and informational purposes only," and is not "a demand for payment or an attempt to collect such obligation."  Pet. Ex. D at 1.  The court thus concludes that Lyonses have failed to plead a plausible breach of contract claim on the basis that the reinstatement quote represents an unequivocal intent by defendants to abandon the loan.

Because the Lyonses have failed to allege sufficient facts to enable the court to draw the reasonable inference that defendants breached the deed of trust by retaining surplus proceeds, the court holds that the Lyonses have not stated a claim for breach of contract that is plausible on its face.

IV

The court dismisses the Lyonses' claims for money had and received and unjust enrichment for the same reasons set forth in § III.

V

The court now turns to the Lyonses' alternative wrongful foreclosure claim.

A

The purpose of a wrongful foreclosure action is to protect mortgagors against mistake, fraud, and unfairness in foreclosure proceedings. *See In re Keener*, 268 B.R. 912, 921 (Bankr. N.D. Tex. 2001) (Jones, J.) (citing 30 Tex. Jur. 3d Deeds of Trusts and Mortgages § 177 (1998)). In Texas, "a debtor may recover for wrongful foreclosure when an irregularity in the foreclosure sale contributes to recovery of an inadequate price of the property." *Matthews v. JPMorgan Chase Bank, N.A.*, 2011 WL 3347920, at *2 (N.D. Tex. Aug.1, 2011) (Lynn, J.). To recover on this claim, the Lyonses must prove: "(1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price." *Hurd v. BAC Home Loans Servicing, LP*, 880 F.Supp.2d 747, 766 (N.D. Tex. 2012) (Lynn, J.) (citing *Sauceda v. GMAC Mortg. Corp.*, 268 S.W.3d 135, 139 (Tex. App. 2008, no pet.)). A procedural defect may occur when the foreclosing party either "fails to comply with statutory or contractual terms," or "complies with such terms, yet takes affirmative action that detrimentally affects the fairness of the foreclosure proceedings." *Matthews*, 2011 WL 3347920, at *2. Recovery is not available merely by showing a defect in the foreclosure process; "it is also necessary that there be an inadequate selling price resulting from the defect." *Biggers v. BAC Home Loans Servicing, LP*, 767 F.Supp.2d 725, 729 (N.D. Tex. 2011) (Fitzwater, C.J.). "The plaintiff must allege a grossly inadequate selling price in all

but a specific category of cases where the plaintiff alleges that the defendant deliberately chilled the bidding at the foreclosure sale." *Villarreal v. Wells Fargo Bank, N.A.*, 814 F.3d 763, 768 (5th Cir. 2016) (internal quotation marks and citations omitted).

B

The court concludes that the Lyonses have failed to plead a plausible claim for wrongful foreclosure. The Lyonses allege only that defendants "wrongfully foreclosed" on the Property because they failed to properly accelerate the Loan prior to the foreclosure sale. This allegation alone could not plausibly entitle them to relief because they do not allege any facts showing the Property was sold for a grossly inadequate price, or a causal connection between a procedural defect and any grossly inadequate selling price. *See Biggers*, 767 F.Supp.2d at 729. Nor have the Lyonses plausibly pleaded that defendants deliberately chilled the bidding at the foreclosure sale. The court therefore concludes that the Lyonses' wrongful foreclosure claim fails and should be dismissed. *See Byrd v. Chase Home Fin. LLC*, 2011 WL 5220421, at *4 (N.D. Tex. Oct. 31, 2011) (McBryde, J.) (dismissing wrongful foreclosure claim where the plaintiffs alleged a procedural defect but they failed to assert any facts showing a grossly inadequate selling price resulted from the defect); *see also Pollett v. Aurora Loan Servs.*, 455 Fed. Appx. 413, 415 (5th Cir. 2011) (per curiam) (affirming dismissal of wrongful foreclosure claim where the plaintiff "failed to allege . . . a grossly inadequate selling price and [] a causal connection between a defect in the foreclosure sale proceedings and the grossly inadequate selling price").

Accordingly, the court dismisses the Lyonses' wrongful foreclosure claim.

*    *    *

For the reasons stated, the court grants defendants' motion for judgment on the pleadings under Rule 12(c) and dismisses this action with prejudice by judgment filed today.[5]

**SO ORDERED**.

June 14, 2018.

_Sidney A. Fitzwater_
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE

---

[5]The court declines to permit the Lyonses to replead.  Although the court typically permits repleading in removed cases, *see, e.g., Hoffman*, 774 F.Supp.2d at 849 (granting leave to amend in removed case), in the present case the Lyonses in their opposition response have not requested such leave, and the court concludes that they cannot plead plausible claims arising from the foreclosure of the Property.